And our second case this morning is Bohanon v. City of Indianapolis All right, I see mr. Oakley and mr. Upchurch, can you hear me? We have a thumbs up from mr. Upchurch and okay, mr. Oakley, can you hear me? Yes Yes, okay, all right good then you may proceed Okay Thank you your honors and may it please the court. My name is Robert Oakley. I am the counsel for the appellant and plaintiff below Mr. Bradford Bohanon This court this case has come up on appeal following a renewal of a post trial motion for judgment as a matter of law the trial court granted the Renewed motion post post jury verdict based on a lack of sufficiency of evidence with respect to the plaintiff's Monell claim regarding the the interplay of policies with respect to Use of force and taking action while off-duty after consuming alcohol by the police officers the incident involved a August 7th 2014 incident wherein Appellant Bradford Bohannon had been involved in an argument with a with a bartender In the presence of two off-duty officers Rieger and Serban The two off-duty officers prior to the incident beginning had acknowledged They had been consuming multiple beers as well as at least one shot So they were had alcohol in their blood at the time of the incident It occurred the first began as officer Serban intervened believing Giving statements that he believed that the situation was going to escalate Officer Serban displayed his badge identified himself as a police officer There was then a physical altercation between officer Serban and and plaintiff Bohannon At which time officer Rieger believed that he needed to intervene to prevent further injury or potential injury to either the officer Serban or Or mr. Bohannon at which time the situation escalated and ultimately resulted in a excessive use of force Including the a chokehold being applied to mr. Bohannon and the two officers then dragging. Mr. Bohannon out of the bar face first Into the into the parking area With respect to the actual policies at issue here and in the court's decision The jury was presented with a great amount of evidence and discussion regarding the interplay of three of the major Policies that are at issue in this case The first is a general order one point three zero of the Indianapolis Metropolitan Police Department Which requires that force be reasonable given the facts and circumstances known by the officer at the time of the event? It further provides extensive rules and guidelines on how the officer should deal with specific situations. However, it has been our position throughout this litigation that The safeguards that the city needs to place and put in place need to be at the level of where They first take action after consuming alcohol when that officer duty officer can become involved as we believe that There's a highly predictable chance that these officers will exceed the force Require the requirements for use of force given the fact that they're under the influence of alcohol And we believe this is in line with Daniel V Cook with respect to gaps and expressed policies And And I believe the jury was presented with extensive evidence that would support that there was a highly predictable likelihood of a constitutional violation of this nature And that the city's lack of guidance and lack of specific and strict instruction Give it